IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WILMA LYNN BUIE BROOKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) 1:14CV280 |
| COBLE SETTLEMENT, OLD VINEYARD | ) |
| BEHAVIORAL HEALTH, NURSEFINDERS, | ) |
| WORKPLACE OPTIONS, PIEDMONT | ) |
| COMMUNITY SERVICES, and THE | ) |
| INDEPENDENT ORDER OF FORESTERS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

BEATY, District Judge.

This matter is before the Court on the respective Motions to Dismiss[1] filed by Defendants Workplace Options [Doc. #5], Piedmont Community Services [Doc. #10], and Old Vineyard Behavioral Health [Doc. #20][2] (collectively "Defendants"). In her Complaint, Plaintiff Wilma Lynn Buie Brooks ("Plaintiff") asserted various claims of employment discrimination and

---

[1] Defendant Independent Order of Foresters ("Foresters") and Defendant Nursefinders also have pending Motions to Dismiss [Doc. #14, #47] in front of this Court. However, Plaintiff's claims against Foresters differ from those she asserts against the present Defendants. As such, the Court will address Foresters' Motion in a separate Memorandum Opinion and Order. Defendant Nursefinders' Motion will be addressed in another separate Memorandum Opinion and Order once Plaintiff has filed a Response or once her time for doing so has expired.

[2] Plaintiff used the name Old Vineyard Behavioral Health in initiating this lawsuit, but this Defendant has noted in its filings that its correct name is Keystone WSNC, LLC, d/b/a Old Vineyard Behavioral Health. Consistent with Plaintiff's Complaint and the majority of filings in this matter, the Court will use the name Old Vineyard Behavioral Health.

retaliation against each of these Defendants. Each Defendant's respective Motion to Dismiss argues that Plaintiff's claims fail to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Workplace Options also argues that Plaintiff's claims should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to properly serve process according to Rule 12(b)(5). As discussed below, this Court will dismiss Plaintiff's Complaint as to these three Defendants because this Court lacks subject matter jurisdiction over Plaintiff's Title VII claims and Plaintiff has failed to state a claim under 42 U.S.C. § 1981 or § 1983 against Defendant Piedmont.

I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her Complaint in the instant matter on April 2, 2014. The Complaint began with a general statement alleging claims of "retaliation and Indian Trust Theft" against all Defendants "based on EEOC 'right to sue' (Probable Cause) [letter] . . . and federal laws against discrimination with employment, contracting, and the administration of federal tax laws." (Compl. [Doc. #1], at 2.) In the body of her Complaint, Plaintiff asserted various employment discrimination and retaliation claims, arising out of a failure to hire or failure to interview, against Defendants Workplace Options, Piedmont Community Services ("Piedmont"), and Old Vineyard Behavioral Health ("Old Vineyard"). Although Plaintiff alluded to trust theft and has named the Coble Settlement as a defendant, she never asserts specific claims against the Coble Settlement, nor does she ever explain how any of the other named defendants relate to the Coble Settlement or any trust theft issues. At best, based on Plaintiff's later filings, Plaintiff may have been attempting to claim Defendants retaliated against her in response to her Coble

Settlement and Indian Trust filings.

Plaintiff included as the last page of her Complaint a copy of an Equal Employment Opportunity Commission ("EEOC") right-to-sue letter. (Compl. [Doc. #1], at 11.) The letter is dated January 7, 2014,[3] and is addressed to Plaintiff. The letter explained that the EEOC closed its file on charge number 435-2014-00150 because "the EEOC is unable to conclude that the information obtained establishes violations of the statutes." (Id.) The letter fails to identify the relevant laws, the conduct at issue, or any other information about the underlying charge's contents. At the very bottom of the letter, there is an indication that a "Paralegal/HR Analyst" with "UHS of Delaware, INC., a subsidiary of Universal Health Services," was copied on the letter. Plaintiff did not assert a claim against UHS of Delaware or Universal Health Services ("UHS").

II.  LEGAL STANDARDS[4]

   A.  *Pro Se* Plaintiff's Pleadings

When evaluating a *pro se* plaintiff's pleadings, a court should liberally construe the plaintiff's allegations and hold the *pro se* plaintiff "to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 2081 (2007) (internal quotations omitted) (quoting Estelle v. Gamble, 429 U.S. 97, 106,

---

[3] Plaintiff erroneously listed the letter as being dated January 14, 2014 in her Complaint. (Compl. [Doc. #1], at 2.) Later filings and the context of the Complaint establish that Plaintiff intended to reference the letter included in the Complaint, which was dated January 7, 2014.

[4] The Court does not reach Workplace Options's 12(b)(5) Motion to Dismiss premised on insufficient service of process and thus the legal standard for such a motion is not included here.

97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976)). Nonetheless, the Court "may not be an advocate for a *pro se* plaintiff and must hold the complaint to certain minimal pleading standards." Hongan Lai v. Dep't of Justice, No. 5:13cv00033, 2013 WL 3923506, at *3 (W.D. Va. July 29, 2013) (citing Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985); Switzer v. Town of Stanley, No. 5:10cv00128, 2010 WL 4961912, at *2-3 (W.D. Va. Dec. 1, 2010); Holsey v. Collins, 90 F.R.D. 122, 128 (D.Md. 1981)).

    B.    Subject Matter Jurisdiction Under Rule 12(b)(1)

Whether a court has subject matter jurisdiction is a "threshold matter" that a court must consider prior to reaching the merits of the matter. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95, 118 S. Ct. 1003, 1012, 140 L. Ed. 2d 210 (1998); Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 548 (4th Cir. 2006). The Fourth Circuit has repeatedly explained that "federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." Garraghty v. Va. Ret. Sys., 200 Fed. Appx. 209, 211 (4th Cir. 2006) (quoting Goldsmith v. Mayor & City Council of Balt., 845 F.2d 61, 63 (4th Cir. 1988) (internal quotation marks omitted)). A court should dismiss an action pursuant to Federal Rule of Civil Procedure 12(b)(1) when the court lacks subject matter jurisdiction over the action. The plaintiff bears the burden of proving subject matter jurisdiction. Richmond, F. & P. R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

A defendant may attack subject matter jurisdiction (1) facially, by arguing that the complaint fails to allege facts to support subject matter jurisdiction, or (2) factually, by arguing that the jurisdictional facts alleged are untrue. Kerns v. United States, 585 F.3d 187, 192 (4th Cir.

4

2009). "[W]hen a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged." Id. at 193. Moreover, even when not raised by the parties themselves, the court may raise concerns of subject matter jurisdiction *sua sponte*. Brickwood Contractors, Inc. v. Datanet Eng'g Inc., 369 F.3d 385, 390 (4th Cir. 2004); United States v. White, 139 F.3d 998, 999-1000 (4th Cir. 1998); see Fed. R. Civ. P. 12(h)(3); Sucampo, 471 F.3d at 548.

    C.    Failure to State a Claim Under Rule 12(b)(6)

In evaluating a motion to dismiss under Rule 12(b)(6), the Fourth Circuit instructs that "[w]e 'take the facts in the light most favorable to the plaintiff,' but 'we need not accept the legal conclusions drawn from the facts.' " Spaulding v. Wells Fargo Bank, N.A., 714 F.3d 769, 776 (4th Cir. 2013) (quoting E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000)). "Legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts," and a court does not consider "unwarranted inferences, unreasonable conclusions, or arguments" when evaluating the legal sufficiency of a complaint on a 12(b)(6) motion. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). "[T]he complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)).

III.     DISCUSSION

Before the Court may consider the merits of Plaintiff's claims against each Defendant, the Court must be satisfied that it has jurisdiction over the subject matter of Plaintiff's claims. Defendant Workplace Options moves for dismissal on grounds of lack of subject matter jurisdiction due to Plaintiff's failure to exhaust her administrative remedies under Title VII. Specifically, Workplace Options argues that Plaintiff's right-to-sue letter did not name it or any entity related to it, and that Plaintiff failed to otherwise allege that she exhausted her administrative remedies by filing a charge with the EEOC and receiving a right-to-sue letter as to Workplace Options. Neither Piedmont nor Old Vineyard formally moved the Court pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, however, the Court has a duty to dismiss *sua sponte* a matter over which it lacks subject matter jurisdiction. See Brickwood, 369 F.3d at 390. As such, the Court initially turns to whether Plaintiff, appearing *pro se*, has properly pled facts to support subject matter jurisdiction[5] as to each of these three Defendants with regard to her Title VII claims. After evaluating the issue of subject matter jurisdiction, the Court proceeds to consider whether Plaintiff's claims against Piedmont could advance as § 1981 or § 1983 claims.

    A.     Subject Matter Jurisdiction and Title VII Exhaustion of Administrative Remedies

Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits discrimination by

---

[5] Workplace Options's 12(b)(1) motion challenges Plaintiff's Complaint facially and does not argue that its jurisdictional facts are untrue. Because the Court concludes that Plaintiff's Complaint is facially deficient in pleading facts to support subject matter jurisdiction as to all three of the instant Defendants, this Court need not look beyond Plaintiff's Complaint or otherwise engage in jurisdictional discovery to resolve the present matters.

6

employers as to five enumerated criteria pertaining to personal characteristics of an individual, namely, race, color, religion, sex, and national origin. 42 U.S.C. 2000e-2; Univ. of Tex. Southwestern Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2525, 186 L. Ed. 2d 503 (2013). Employers are also prohibited from discriminating against an employee or applicant by means of retaliating against the individual due to the individual's involvement in Title VII enforcement efforts, including an applicant's opposition to an unlawful employment practice or filing of an employment discrimination complaint. 42 U.S.C. § 2000e-3; Nassar, 133 S. Ct. at 2525. Title VII requires an aggrieved person to file a charge with the EEOC before initiating a civil action regarding the aggrieved's allegations of discrimination. 42 U.S.C. 2000e-5(f)(1); Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009) ("Before a plaintiff may file suit under Title VII . . . he is required to file a charge of discrimination with the EEOC."); see Balas v. Huntington Ingalls Indus., 711 F.3d 401, 406-07 (4th Cir. 2013) (explaining process and requirements of filing EEOC charge). Indeed, "failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Calvert Grp., 551 F.3d at 300; Davis v. North Carolina Dep't of Corrections, 48 F.3d 134, 140 (4th Cir. 1995) (noting that the Fourth Circuit has "long held . . . entitlement to" an EEOC right-to-sue letter "is a jurisdictional prerequisite that must be alleged in a [Title VII] plaintiff's complaint").

Per EEOC regulations, the EEOC charge " is sufficient when the Commission receives a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b); Calvert Grp., 551 F.3d at 300; Chacko v.

7

Patuxent Inst., 429 F.3d 505, 508; see also 42 U.S.C. § 2000e-5(b) ("Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires."). The EEOC charge effectively establishes the limits of which claims a plaintiff may pursue in a subsequent civil case. Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996) (citation omitted). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Id. at 963; see Calvert Grp., 551 F.3d at 300 (quoting Evans). Title VII specifically limits any subsequent civil action to be filed only "against the respondent named in the charge." 42 U.S.C. 2000e-5(f)(1); Causey v. Balog, 162 F.3d 795, 800-01 (4th Cir. 1998); Westbrook v. N.C. A & T State Univ., No. 1:12CV540, 2013 WL 3766083, at *3 (M.D.N.C. July 16, 2013) ("[A] plaintiff may only file a Complaint against those defendants listed as respondents in the EEOC charge of discrimination."); Mayes v. Moore, 419 F. Supp. 2d 775, 782 (M.D.N.C. 2006). The Fourth Circuit explains that "a plaintiff fails to exhaust his administrative remedies where . . . his administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit." Chacko, 429 F.3d at 506. As discussed below, Plaintiff's EEOC letter and claims against the instant Defendants fall within this description of administratively unexhausted claims.

In the present matter, even liberally construing Plaintiff's *pro se* Complaint and accepting its allegations as true, Plaintiff has failed to demonstrate that this Court has jurisdiction over Plaintiff's Title VII employment discrimination claims against Workplace Options, Piedmont,

8

and Old Vineyard due to her failure to allege facts demonstrating exhaustion of her administrative remedies as to each Defendant and claim.  See Davis, 48 F.3d at 140 ("Thus, where 'neither the complaint nor the amended complaint alleges' that the plaintiff has 'complied with these prerequisites,' the plaintiff has not 'properly invoked the court's jurisdiction under Title VII.' " (quoting United Black Firefighters, 604 F.2d at 847)); Westbrook, 2013 WL 3766083, at *3 (holding plaintiff may file suit only against parties named in the EEOC charge); Mayes, 419 F. Supp. 2d at 782 (same).  Aside from her introductory comments stating that Plaintiff based her claims on the "EEOC 'right to sue' (Probable Cause)" letter, Plaintiff mentioned the EEOC only two other times in her Complaint.  In her first claim, Plaintiff stated "[i]n the matter of EEOC case #435-2014-00150 for defendant Old Vineyard Behavioral Health hereinafter referred to as Defendant (1); Plaintiff meets guidelines for prima facie case." (Compl. [Doc. #1], at 2.)  The EEOC case number is the same as the one appearing on the right-to-sue letter Plaintiff included within her Complaint, which does not name Old Vineyard.  Then, in her "summary section," Plaintiff mentioned the EEOC in summarizing her employment discrimination claims, but she still failed to make any allegation pertaining to exhaustion of administrative remedies or an underlying EEOC charge as against the named Defendants.

Although Plaintiff included a right-to-sue letter, the letter did not name any of the present Defendants.  Since Plaintiff did not include a copy of an EEOC charge as against all or any of the present Defendants, this Court cannot determine which, if any, of her claims she may have exhausted.  See Jackson-Brown v. Tech & Project Eng'g Servs., LLC, No. 1:14-cv-01297, 2014

9

WL 7272887, at *9 (E.D. Va. Dec. 17, 2014) ("Without a copy of the charge, it is impossible to determine whether the claims set forth in Plaintiff's Complaint are reasonably related to those set forth in her EEOC charge." (citing Chacko, 429 F.3d at 506)); Jones v. Montgomery County Pub. Sch., No. GLR-13-2795, 2014 U.S. Dist. LEXIS 125453, *3–4 (D. Md. May 15, 2014); see also Wright v. Williamsburg Area Med. Assistance Corp., No. 4:12cv152, 2014 WL 1056719, at *3 n.3 (dismissing plaintiff's employment discrimination claims for failure to establish subject matter jurisdiction, observing "[i]t is not the court's burden to conduct an investigation to unearth facts that could establish jurisdiction"), aff'd, 585 Fed. Appx. 143 (4th Cir. 2014) (per curiam). As the Fourth Circuit has instructed, "[i]n determining what claims a plaintiff properly alleged before the EEOC, we may look only to the charge filed with that agency." Balas, 711 F.3d at 408. In the present matter, while Plaintiff's right-to-sue letter may support a cause against UHS, Plaintiff's right-to-sue letter is insufficient to support jurisdiction over Defendants not named in the letter.

In her Response to Defendant Workplace Options's Motion to Dismiss, Plaintiff argues that the right-to-sue letter "for [UHS] of Delaware is not only intended for the aforementioned Defendant but also for Workplace Options as well." (Pl.'s Resp. [Doc. #32], at 2.) Plaintiff seems to be arguing, in this Response and in her other Responses to the other Motions to Dismiss, that she presented a pattern of discrimination by all Defendants in her communications with the EEOC. Even if Plaintiff had made such allegations in her Complaint, and even if accepted as true, Plaintiff's arguments still fail to support subject matter jurisdiction. Without an EEOC charge or a right-to-sue letter naming the present Defendants, Plaintiff lacks any

10

indication that the present Defendants were on notice of her charges. See Balas, 711 F.3d at 407-08 (explaining purpose of EEOC charge in placing a charged party on notice and providing an opportunity for conciliation); Sydnor v. Fairfax Cnty., 681 F.3d 591, 593 (4th Cir. 2012). Moreover, Plaintiff's subjective intent in making her filings and communicating with the EEOC is largely irrelevant in assessing whether she exhausted her administrative remedies. See Fed. Express Corp. v. Holowecki, 552 U.S. 389, 402, 128 S. Ct. 1147, 1158, 170 L. Ed. 2d 10 (2008) (observing that EEOC filings are "examined from the standpoint of an objective observer" and not based on the "filer's state of mind"); Balas, 711 F.3d at 408 (noting that while a *pro se* EEOC charge must be construed liberally, courts "are not at liberty to read into administrative charges allegations they do not contain").

Plaintiff's Complaint failed to allege that she exhausted her administrative remedies as to each Defendant and was devoid of allegations indicating the contents of any charges Plaintiff filed with the EEOC regarding her current claims. Furthermore, Plaintiff's right-to-sue letter as against UHS fails to demonstrate that Plaintiff exhausted her claims against the present Defendants. As such, this Court lacks subject matter jurisdiction over Plaintiff's Title VII claims.

B.     Plaintiff's § 1981 and § 1983 Claims Against Piedmont

As a final matter, the Court briefly considers the plausibility of Plaintiff's Complaint advancing a claim under 42 U.S.C. § 1981 and § 1983 against Piedmont.[6] Plaintiff's precise claims against Piedmont are difficult to discern and may fairly be construed as claims under Title

---

[6] Plaintiff's claims against the other instant Defendants did not include claims based on or otherwise implicate 42 U.S.C. § 1981 and § 1983.

VII, § 1981 and § 1983, or both. In its initial Rule 12(b)(6) Motion to Dismiss [Doc. #10], Piedmont treated Plaintiff's claims against it as arising under § 1981 and § 1983 due to Plaintiff's allegation that Piedmont refused to hire her "in violation of the Civil Rights Act of 1866 and 1871." (Compl. [Doc. #1], at 4.) Piedmont argued that Plaintiff failed to state a claim upon which relief could be granted and urged the Court to dismiss Plaintiff's § 1981 and § 1983 claims against it. Despite Plaintiff's reference to the Civil Rights Act of 1866 and 1871 in her Complaint, Plaintiff's Response [Doc. #36] established that she intended her claims against Piedmont to be pursued under Title VII. Accordingly, in its Reply [Doc. #42], Piedmont refocused its argument on Plaintiff's failure to exhaust administrative remedies for any Title VII claim against Piedmont. As already discussed above, this Court does not have subject matter jurisdiction over a Title VII claim against Piedmont. To the extent Plaintiff intended to assert claims under the Civil Rights Act of 1866 and 1871, now codified at 42 U.S.C. § 1981 and § 1983, the Court finds that Piedmont's Rule 12(b)(6) Motion to Dismiss must be granted and any such claims must be dismissed for failure to state a claim because Plaintiff has not made allegations as to the necessary elements of such claims.

Section 1981 protects against racial discrimination in the making and enforcing of contracts, which includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b); see Spriggs v. Diamond Auto Glass, 165 F.3d 1015, 1018 (4th Cir. 1999) ("A § 1981 action, then, must be founded on purposeful, racially discriminatory actions that affect at least one of the contractual aspects listed in § 1981(b)."); Hawthorne v. Va.

12

State Univ., 568 Fed. Appx. 203, 204 (4th Cir. 2014) (per curiam). To state a claim under 42 U.S.C. § 1981, a plaintiff must allege she is a member of a racial minority, that the defendant discriminated against her with respect to one of the rights enumerated in 1981(b), and that the defendant discriminated intentionally on account of the plaintiff's race. Clark v. Russell, No. 1:11CV526, 2012 WL 601868, at *3 (M.D.N.C. Feb. 23, 2012) (quoting Emory Utils., Inc. v. Time Warner Cable, Inc., No. 7:09-CV-169-BO, 2010 WL 2402888, at *2 (E.D.N.C. June 11, 2010)); see Jordan v. Alternative Res. Corp., 458 F.3d 332, 345 (4th Cir. 2006); Spriggs, 165 F.3d at 1018. In turn, a § 1983 claim requires a plaintiff to allege facts supporting "the violation of a right secured by the Constitution and laws of the United States, and . . . that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2254-55; 101 L. Ed. 2d 40 (1988); Pettiford v. City of Greensboro, 556 F. Supp. 2d 512, 530 (M.D.N.C. 2008) ("Section 1983 provides a cause of action for constitutional deprivations arising from actions taken under color of state law.").

In the present matter, Plaintiff's Complaint supplied allegations about applying for multiple jobs with Piedmont and speaking with a representative of Piedmont regarding Plaintiff's qualifications. Plaintiff then argued that Piedmont contacted Plaintiff only after Piedmont was unable to find a more qualified applicant, and Piedmont "still refused to offer [a] part time contract position in violation of" Sections 1981 and 1983. (Compl. [Doc. #1], at 4.) None of Plaintiff's allegations pertain to her membership in a particular racial class, nor do any of the allegations provide factual allegations to support that Piedmont discriminated against Plaintiff regarding a § 1981(b) right due to her race. Likewise, Plaintiff's allegations do not include any

13

mention of a constitutional violation so as to implicate § 1983. Plaintiff also did not assert that Piedmont is a state actor or otherwise acted under color of state law. As such, Plaintiff's allegations are incapable of supporting a plausible claim for relief under § 1981 or § 1983 against Piedmont. Therefore, Piedmont's Motion to Dismiss [Doc. #10] pursuant to Rule 12(b)(6) will be granted and Plaintiff's § 1981 and § 1983 claims will be dismissed.

IV. CONCLUSION

In sum, for the reasons stated above, the Court finds that Plaintiff has not exhausted her administrative remedies as to her claims against Defendants Workplace Options, Piedmont Community Services, and Old Vineyard Behavioral Health. Accordingly, the Court does not have subject matter jurisdiction over Plaintiff's Title VII claims against these Defendants.

IT IS THEREFORE ORDERED that the Motion to Dismiss of Workplace Options [Doc. #5] pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) is hereby GRANTED and Plaintiff's claims against Workplace Options are hereby DISMISSED. Furthermore, IT IS ORDERED that Plaintiff's Title VII claims against Piedmont Community Services and Old Vineyard Behavioral Health are hereby DISMISSED *sua sponte* for lack of jurisdiction.

IT IS FURTHER ORDERED that to the extent Plaintiff asserted a § 1981 or § 1983 claim against Piedmont Community Services, Defendant Piedmont Community Service's Motion to Dismiss [Doc. #10] pursuant to 12(b)(6) is GRANTED and such a claim is DISMISSED. The remainder of Piedmont Community service's Motion to Dismiss [Doc. #10] and the entirety of Old Vineyard Behavioral Health's Motion to Dismiss [Doc. #20] are DENIED as MOOT. Finally, Plaintiff's discovery motions regarding Workplace Options and Old Vineyard

Behavioral Health, Subpoena EEO1 Log for Workplace Options [Doc. #31] and Subpoena EEO1 Log for Keystone WSNC, LLC, d/b/a Old Vineyard Behavioral Health [Doc. #34] respectively are DENIED as MOOT.

This the 27th day of February, 2015.

                                                                       /s/ James A. Beaty, Jr.
                                                                       United States District Judge