IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WILMA LYNN BUIE BROOKS,            )
                                    )
         Plaintiff,                 )
                                    )
     v.                             )
                                    )    1:14CV280
COBLE SETTLEMENT, OLD VINEYARD      )
BEHAVIORAL HEALTH, NURSEFINDERS,    )
WORKPLACE OPTIONS, PIEDMONT         )
COMMUNITY SERVICES, and THE         )
INDEPENDENT ORDER OF FORESTERS,     )
                                    )
         Defendants.                )
_____ )

MEMORANDUM OPINION AND ORDER

BEATY, District Judge.

This matter is before the Court on the Motion to Dismiss of Defendant Nursefinders [Doc. #47]. In her Complaint, Plaintiff Wilma Lynn Buie Brooks ("Plaintiff") asserted a claim of employment-related retaliation against Defendant Nursefinders ("Defendant"). Defendant's Motion to Dismiss argues that Plaintiff's claims must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, due to insufficient service of process according to Rule 12(b)(5), and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). As discussed below, this Court will dismiss Plaintiff's Complaint as to Defendant because this Court lacks subject matter jurisdiction over Plaintiff's Title VII claims and Plaintiff.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her Complaint in the instant matter on April 2, 2014. The Complaint began

with a general statement alleging claims of "retaliation and Indian Trust Theft" against all Defendants "based on EEOC 'right to sue' (Probable Cause) [letter] . . . and federal laws against discrimination with employment, contracting, and the administration of federal tax laws." (Compl. [Doc. #1], at 2.) In the body of her Complaint, Plaintiff asserted that Defendant "committed a retaliatory act of refusing to allow Plaintiff to apply for a position in which Plaintiff was duly qualified for and in violation of Title VII of the Civil Rights Act of 1967." (Id. at 4.) Plaintiff based this claim on her interactions with a recruiter for Defendant whereby Plaintiff was invited to apply for a position with Defendant. Because Plaintiff was unable to complete the online application using her home computer, Defendant requested that Plaintiff complete the application process by going to Defendant's office. Upon arriving at the office, Plaintiff was allegedly "denied the opportunity to complete an application for employment" with Defendant." (Id.) Plaintiff provided no further details as to what transpired at Defendant's office or how she was denied the opportunity to apply.

Plaintiff included as the last page of her Complaint a copy of an Equal Employment Opportunity Commission ("EEOC") right-to-sue letter. (Compl. [Doc. #1], at 11.) The letter is dated January 7, 2014,[1] and is addressed to Plaintiff. The letter explained that the EEOC closed its file on charge number 435-2014-00150 because "the EEOC is unable to conclude that the information obtained establishes violations of the statutes." (Id.) The letter fails to identify the relevant laws, the conduct at issue, or any other information about the underlying charge's contents. At the very bottom of the letter, there is an indication that a "Paralegal/HR Analyst"

---

[1] Plaintiff erroneously listed the letter as being dated January 14, 2014 in her Complaint. (Compl. [Doc. #1], at 2.) Later filings and the context of the Complaint establish that Plaintiff intended to reference the letter included in the Complaint, which was dated January 7, 2014.

2

with "UHS of Delaware, INC., a subsidiary of Universal Health Services," was copied on the letter. Plaintiff did not assert a claim against UHS of Delaware or Universal Health Services ("UHS").

After receiving an extension of time to file an Answer to Plaintiff's Complaint, Defendant filed its Motion to Dismiss [Doc. #47] on August 22, 2014. On September 2, 2014, Plaintiff filed a Motion for Second Continuance and Reasonable Accommodation [Doc. #52], which in part requested additional time to research and respond to all Defendants' arguments. On February 12, 2015, this Court granted Plaintiff's motion for the limited purpose of responding to the instant Motion to Dismiss. Plaintiff failed to file a response within the time limit prescribed by this Court.

## II. LEGAL STANDARDS[2]

### A. *Pro Se* Plaintiff's Pleadings

When evaluating a *pro se* plaintiff's pleadings, a court should liberally construe the plaintiff's allegations and hold the *pro se* plaintiff "to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 2081 (2007) (internal quotations omitted) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976)). Nonetheless, the Court "may not be an advocate for a *pro se* plaintiff and must hold the complaint to certain minimal pleading standards." Hongan Lai v. Dep't of Justice, No. 5:13cv00033, 2013 WL 3923506, at *3 (W.D. Va. July 29, 2013) (citing Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985); Switzer v. Town

---

[2] Because the Court determines it lacks subject matter jurisdiction over Plaintiff's claims, it does not reach Defendant's arguments for dismissal premised on insufficient service of process pursuant to Rule 12(b)(5) or failure to state a claim pursuant to Rule 12(b)(6).

3

of Stanley, No. 5:10cv00128, 2010 WL 4961912, at *2-3 (W.D. Va. Dec. 1, 2010); Holsey v. Collins, 90 F.R.D. 122, 128 (D.Md. 1981)).

      B.      Subject Matter Jurisdiction

Whether a court has subject matter jurisdiction is a "threshold matter" that a court must consider prior to reaching the merits of the matter. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95, 118 S. Ct. 1003, 1012, 140 L. Ed. 2d 210 (1998); Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 548 (4th Cir. 2006). The Fourth Circuit has repeatedly explained that "federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." Garraghty v. Va. Ret. Sys., 200 Fed. Appx. 209, 211 (4th Cir. 2006) (quoting Goldsmith v. Mayor & City Council of Balt., 845 F.2d 61, 63 (4th Cir. 1988) (internal quotation marks omitted)). A court should dismiss an action pursuant to Federal Rule of Civil Procedure 12(b)(1) when the court lacks subject matter jurisdiction over the action. The plaintiff bears the burden of proving subject matter jurisdiction. Richmond, F. & P. R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

A defendant may attack subject matter jurisdiction (1) facially, by arguing that the complaint fails to allege facts to support subject matter jurisdiction, or (2) factually, by arguing that the jurisdictional facts alleged are untrue. Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). "[W]hen a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged." Id. at 193.

III.     DISCUSSION

Defendant moves for dismissal on grounds of lack of subject matter jurisdiction due to

4

Plaintiff's failure to exhaust her administrative remedies under Title VII.[3]  Specifically, Defendant argues that Plaintiff's right-to-sue letter did not name it or any entity related to it, and that Plaintiff failed to otherwise allege that she exhausted her administrative remedies by filing a charge with the EEOC and receiving a right-to-sue letter as to Defendant.  As such, the Court turns to whether Plaintiff, appearing *pro se*, has properly pled facts to support subject matter jurisdiction as to Defendant with regard to her Title VII claim.

A.     Subject Matter Jurisdiction and Title VII Exhaustion of Administrative Remedies

Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits discrimination by employers as to five enumerated criteria pertaining to personal characteristics of an individual, namely, race, color, religion, sex, and national origin.  42 U.S.C. 2000e-2; Univ. of Tex. Southwestern Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2525, 186 L. Ed. 2d 503 (2013).  Employers are also prohibited from discriminating against an employee or applicant by means of retaliating against the individual due to the individual's involvement in Title VII enforcement efforts, including an applicant's opposition to an unlawful employment practice or filing of an employment discrimination complaint.  42 U.S.C. § 2000e-3; Nassar, 133 S. Ct. at 2525.  Title VII requires an aggrieved person to file a charge with the EEOC before initiating a civil action regarding the aggrieved's allegations of discrimination. 42 U.S.C. 2000e-5(f)(1); Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009) ("Before a plaintiff may file suit under Title VII . . . he is required to file a charge of discrimination with the EEOC."); see Balas v. Huntington

---

[3] Defendant's 12(b)(1) motion challenges Plaintiff's Complaint facially and does not argue that its jurisdictional facts are untrue. Because the Court concludes that Plaintiff's Complaint is facially deficient in pleading facts to support subject matter jurisdiction as to Defendant, this Court need not look beyond Plaintiff's Complaint or otherwise engage in jurisdictional discovery to resolve the present matter.

5

Ingalls Indus., 711 F.3d 401, 406-07 (4th Cir. 2013) (explaining process and requirements of filing EEOC charge). Indeed, "failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Calvert Grp., 551 F.3d at 300; Davis v. North Carolina Dep't of Corrections, 48 F.3d 134, 140 (4th Cir. 1995) (noting that the Fourth Circuit has "long held . . . entitlement to" an EEOC right-to-sue letter "is a jurisdictional prerequisite that must be alleged in a [Title VII] plaintiff's complaint").

Per EEOC regulations, the EEOC charge "is sufficient when the Commission receives a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b); Calvert Grp., 551 F.3d at 300; Chacko v. Patuxent Inst., 429 F.3d 505, 508; see also 42 U.S.C. § 2000e-5(b) ("Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires."). The EEOC charge effectively establishes the limits of which claims a plaintiff may pursue in a subsequent civil case. Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996) (citation omitted). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Id. at 963; see Calvert Grp., 551 F.3d at 300 (quoting Evans). Title VII specifically limits any subsequent civil action to be filed only "against the respondent named in the charge." 42 U.S.C. 2000e-5(f)(1); Causey v. Balog, 162 F.3d 795, 800-01 (4th Cir. 1998); Westbrook v. N.C. A & T State Univ., No. 1:12CV540, 2013 WL 3766083, at *3 (M.D.N.C. July 16, 2013) ("[A] plaintiff may only file a Complaint against those defendants listed

6

as respondents in the EEOC charge of discrimination."); Mayes v. Moore, 419 F. Supp. 2d 775, 782 (M.D.N.C. 2006). The Fourth Circuit explains that "a plaintiff fails to exhaust his administrative remedies where . . . his administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit." Chacko, 429 F.3d at 506. As discussed below, Plaintiff's EEOC letter and claims against the instant Defendant fall within this description of administratively unexhausted claims.

B. Plaintiff's Complaint and Right-to-Sue Letter

In the present matter, even liberally construing Plaintiff's *pro se* Complaint and accepting its allegations as true, Plaintiff has failed to demonstrate that this Court has jurisdiction over Plaintiff's Title VII retaliation claim against Defendant due to her failure to allege facts demonstrating exhaustion of her administrative remedies. See Davis, 48 F.3d at 140 ("Thus, where 'neither the complaint nor the amended complaint alleges' that the plaintiff has 'complied with these prerequisites,' the plaintiff has not 'properly invoked the court's jurisdiction under Title VII.' " (quoting United Black Firefighters, 604 F.2d at 847)); Westbrook, 2013 WL 3766083, at *3 (holding plaintiff may file suit only against parties named in the EEOC charge); Mayes, 419 F. Supp. 2d at 782 (same). Aside from her introductory comments stating that Plaintiff based her claims on the "EEOC 'right to sue' (Probable Cause)" letter, Plaintiff mentioned the EEOC only two other times in her Complaint. In her first claim, Plaintiff stated "[i]n the matter of EEOC case #435-2014-00150 for defendant Old Vineyard Behavioral Health hereinafter referred to as Defendant (1); Plaintiff meets guidelines for prima facie case." (Compl. [Doc. #1], at 2.) The EEOC case number is the same as the one appearing on the right-to-sue letter Plaintiff included within her Complaint, which does not name Old Vineyard

7

or the present Defendant. Then, in her "summary section," Plaintiff mentioned the EEOC in summarizing her employment discrimination claims, but she still failed to make any allegation pertaining to exhaustion of administrative remedies or an underlying EEOC charge as against Defendant.

Although Plaintiff included a right-to-sue letter, the letter did not name Defendant. Since Plaintiff did not include a copy of an EEOC charge as against all Defendants or the present Defendant, this Court cannot determine which, if any, of her claims she may have exhausted. See Jackson-Brown v. Tech & Project Eng'g Servs., LLC, No. 1:14-cv-01297, 2014 WL 7272887, at *9 (E.D. Va. Dec. 17, 2014) ("Without a copy of the charge, it is impossible to determine whether the claims set forth in Plaintiff's Complaint are reasonably related to those set forth in her EEOC charge." (citing Chacko, 429 F.3d at 506)); Jones v. Montgomery County Pub. Sch., No. GLR-13-2795, 2014 U.S. Dist. LEXIS 125453, *3–4 (D. Md. May 15, 2014); see also Wright v. Williamsburg Area Med. Assistance Corp., No. 4:12cv152, 2014 WL 1056719, at *3 n.3 (dismissing plaintiff's employment discrimination claims for failure to establish subject matter jurisdiction, observing "[i]t is not the court's burden to conduct an investigation to unearth facts that could establish jurisdiction"), aff'd, 585 Fed. Appx. 143 (4th Cir. 2014) (per curiam). As the Fourth Circuit has instructed, "[i]n determining what claims a plaintiff properly alleged before the EEOC, we may look only to the charge filed with that agency." Balas, 711 F.3d at 408. In the present matter, while Plaintiff's right-to-sue letter may support a cause against UHS, Plaintiff's right-to-sue letter is insufficient to support jurisdiction over Defendant, who is not named in the letter.

In her various filings in this case, Plaintiff appears to assert that she presented a pattern

8

of discrimination by all of the named Defendants in her communications with the EEOC, and in turn, that her right-to-sue letter should cover the instant dispute. Even if Plaintiff had made such allegations in her Complaint, and even if accepted as true, Plaintiff's arguments still fail to support subject matter jurisdiction. Without an EEOC charge or a right-to-sue letter naming the present Defendant, Plaintiff lacks any indication that Defendant was on notice of her charges. See Balas, 711 F.3d at 407-08 (explaining purpose of EEOC charge in placing a charged party on notice and providing an opportunity for conciliation); Sydnor v. Fairfax Cnty., 681 F.3d 591, 593 (4th Cir. 2012). Moreover, Plaintiff's subjective intent in making her filings and communicating with the EEOC is largely irrelevant in assessing whether she exhausted her administrative remedies. See Fed. Express Corp. v. Holowecki, 552 U.S. 389, 402, 128 S. Ct. 1147, 1158, 170 L. Ed. 2d 10 (2008) (observing that EEOC filings are "examined from the standpoint of an objective observer" and not based on the "filer's state of mind"); Balas, 711 F.3d at 408 (noting that while a *pro se* EEOC charge must be construed liberally, courts "are not at liberty to read into administrative charges allegations they do not contain").

Plaintiff's Complaint failed to allege that she exhausted her administrative remedies as to Defendant and was devoid of allegations indicating the contents of any charges Plaintiff filed with the EEOC regarding her current claims. Furthermore, Plaintiff's right-to-sue letter as against UHS fails to demonstrate that Plaintiff exhausted her claims against the present Defendant. As such, this Court lacks subject matter jurisdiction over Plaintiff's Title VII claims.

IV.     CONCLUSION

In sum, for the reasons stated above, the Court finds that Plaintiff has not exhausted her administrative remedies as to her claims against Defendant. Accordingly, the Court does not

9

have subject matter jurisdiction over Plaintiff's Title VII claims against the present Defendant.

IT IS THEREFORE ORDERED that Defendant Nursefinders's Motion to Dismiss [Doc. #47] pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) is hereby GRANTED and Plaintiff's claims against Defendant Nursefinders are hereby DISMISSED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment [Doc. #35] against Defendant Nursefinders is hereby DENIED as MOOT. Because with entry of this Memorandum Opinion and Order none of Plaintiff's claims remain, Plaintiff's Motion to Order Title Search for Property 1620 Natchez Way Grayson, GA (Gwinnett County) under Retaliation Order [Doc. #49] is hereby DENIED as MOOT. A Judgment consistent with this Memorandum Opinion and Order will be filed contemporaneously herewith.

This the 11th day of March, 2015

<span style="text-align:right">/s/ James A. Beaty<br>United States District Judge</span>